Good morning, Your Honors. Good morning. May it please the Court, my name is Adam Pearson and I represent the petitioner Mr. Konstantin Buldakov. Mr. Buldakov asked that this Court grant the petition for review because the Board of Immigration Appeals overstepped its role in denying his motion to reopen. The Board denied Mr. Buldakov's motion for one reason, that is it declined to accept Mr. Buldakov's evidence without additional corroborating evidence. In other words, the Board found Buldakov's evidence to not be credible by itself. Because this Court's review is limited to the actual grounds relied upon by the Board, the issue here is narrow. Can the Board make credibility determinations on a motion to reopen? Well, let me ask you this. Am I right in thinking that our case law does allow the Board to just say, you know what, what you've presented in your motion to reopen is just inherently unbelievable? We've not even, yeah, you're not before us, we haven't had a hearing, but just on its face this is inherently unbelievable, we reject it. They can do that, right? That's entirely correct, Your Honor. This Court has said that facts on a motion to reopen need to be admitted or need to be considered as true because there is no hearing and this Court has said it is manifestly unfair without a hearing to do anything but that, except for the rare exception when the evidence is inherently unbelievable. And I know the Board didn't use those magic words here, but isn't that sort of in essence what they were communicating or do you, you don't view it that way? I would disagree with that, Your Honor. I believe that the Board is aware of the standard and that because it is a rare circumstance, again, without a hearing, this Court has repeatedly said that facts need to be assumed as true. I think that if the Board is making that rare exception and finding evidence to be inherently unbelievable, it needs to be more explicit than what it said here, which was simply lack of corroboration and declining to accept that evidence. So I think that more needs to be required of the Board to have any sort of meaningful review other than trying to simply implicitly find a finding of inherent unbelievability. So if we were to send it back because we interpreted the opinion as going beyond accepting the mother's statement on its face, the Board would still have the option to say yes, but to say that there's these unidentified people that show up, they could still say this is inherently unbelievable. We therefore deny? Presumably yes. If this Court were to send this decision back to the Board, again, reviewing only the grounds actually relied upon by the Board, send it back to the Board, and then the Board then chose an alternative ground to deny the same motion, this Court would then have the opportunity to deny, or I'm sorry, to review that decision with the findings explicit and the reasoning that it could evaluate explicit in the Board's decision. Okay. So before we make any such decision, however, it seems we have to look at this decision a little more carefully. Yes, Your Honor. Is, as Judge Watford said, that magic words weren't used here, but they do use words. There's vagueness and lack of substantiation. Are those just another way of saying no way we can believe this as presented? I would not interpret them that way, Your Honor. I believe that it's simply an attack on Mr. Boldacoff's credibility. It's essentially an interpretation that the Board of Immigration Appeals does not find the statements to be true. The statements that the Board uses in its opinion are very similar to that evaluated by this Court in the case, I believe it's pronounced Gadesi. Similar attacks of lack of cooperation, vagueness, lack of substantiability, and this Court said that it interpreted those statements as being an attack, that the statements were simply untrue, and granted the petition or remanded back to the Board to clarify and assume properly that the facts presented were true. Does it make a difference that there's been a prior finding of a lack of credibility? Does that not count for anything when the Board sees the same person back again? It certainly will at one point, Your Honor, but not at this point. Again, as this Court's made clear, because motions to reopen are done without a hearing, it's manifestly unfair for there to be any sort of credibility determination, and so considering that evidence at this stage would be exactly that. It would be a credibility determination, and that is allowable once this case, if it were to do so, would proceed back to the immigration judge on a full hearing. At that point, Mr. Boldecoup would have the opportunity to testify, explain what the immigration judge might find as his lack of evidence, would then be able to explain the prior adverse credibility determination, and then the immigration judge, within the context of a hearing, could take that prior determination, an evaluation of his testimony and the actual evidence presented, and then make a credibility determination as to whether Mr. Boldecoup was entitled to relief. A new credibility determination is what you're arguing for, a second one, right? Yes, Your Honor. Essentially, I don't believe that this Court's precedent holds it simply because there's been one prior adverse credibility determination on which I would note does not actually go to any of the merits for actually seeking relief, but rather was reasons for why he was unable to make his initial removal proceedings. It would also seem odd in this case, since the affidavit comes from his mother, to impute his credibility findings somehow to the mother at this stage. I don't know that that would even make kind of sequential sense. I apologize, Your Honor. Are you referring to his credibility with the attack of 2010 that gives rise to his changed circumstances? Right. Well, I mean, his motion to reopen, I mean, he's got his mother's testimony, and so therefore that isn't really reliant on his testimony, is it? And the motion to reopen, it stands alone? That's correct, Your Honor. I'll tell you what's a little troubling, though. It just basically means that, you know, you're not supposed to have motions to reopen after 90 days unless there's this new evidence, et cetera. So if we take it at face value, I guess, basically, you could continue to string this out by coming up with an affidavit. Okay, then now I have another circumstance. I forgot to tell you about the one in 2011 or the summer of 2011. So then another couple years go by and you put that one in. So is our rule basically that as long as you file a motion to reopen and you make an allegation, then there's a requirement to reopen? That seems to be at odds with the underlying principles on restrictive motions to reopen. Certainly, Your Honor. Well, I would add two points. Number one is that this Court has made clear that a motion to reopen, it serves a very limited purpose. It's simply to screen out those claims that it finds so meritless that it can dispose of them without a hearing. It's not intended to be all-encompassing of a merits-based evaluation. And I also would note that the consequences that Your Honor points out are certainly possible, and that's something that this Court has noted in Bolanos-Hernandez v. INS. And in that court, there's a lot of analysis about, yes, this rule does lead to the possibility that there is a circumstance where an alien such as Mr. Boldakov could continually come up with claims leading to this motion to reopen. But the Court then compared that with the risk of, here you have an alien such as Mr. Boldakov who presented an affidavit that two individuals threatened his mother and stated that he would be killed if he returned to Russia. And this Court said that on weighing those two instances, it would choose the path of believing the alien. But didn't the Supreme Court in, I hope I'm pronouncing it right, Abudu actually caution along the lines that we were talking about, that you can't just have this rubber stamp situation and then have it go back and run the risk that you're constantly reopening these cases? And I'll ask you two questions. One is it's not – the finding wasn't just that it was his mother's affidavit, but that a journalist who is claiming that the threat to him is coming from the articles he's written, who can't find even one article to support his claim that he is a journalist? Yes, Your Honor, that is a point that was noted in the Board's opinion. I would note two things that, again, I believe the lack of evidence of his actual articles, again, goes to credibility. The immigration judge may well look at the lack of evidence presented in totality and then have a chance to listen to Mr. Boldacoff's explanation for why he didn't present any articles. One might be that he was detained while he was filing this motion, and he explained in his reply that his ability to collect these documents was very limited. Again, that's just conjecture at this point. Once it goes to the immigration judge, he can take all that – is credible or not. I apologize if seeing – may I finish the question? Please. But I believe that simply relying on the lack of an actual article is simply another way to make a credibility determination. And I would note the Supreme Court case of Voodoo does have cautionary language in there that, again, explaining the possible circumstances of aliens filing unlimited motions to reopen. But I don't interpret that court as overruling this court's longstanding precedent that, again, because there is no hearing, the matter of fact is that this court instructs the Board to assume as true all evidence presented on a motion to reopen. And if that evidence presents changed circumstances, then it will grant the motion to reopen. But again, I would caution, there are other situations. The Board has discretion to deny relief. It has other avenues that it can address situations such as that. But that is not the case here. Here, the Board made a credibility determination. We have your point in mind. I do have one question. We'll give you some time for rebuttal. Your client remains in detention? He is no longer detained.  All right. He was released after. Thank you. Thank you. May it please the Court, my name is Andrew O'Malley. I represent the Attorney General of the United States. Welcome back. Thank you, Your Honor. The Court should deny the petition for review because the Board acted within its discretion by denying Mr. Budalka's motion to reopen. Perhaps it's best to start with what this case is about and what it's not about. This case is about the agency denying a motion to reopen because the alien failed to demonstrate materially changed circumstances in order to excuse his untimely filing. This case is not about the agency denying a motion to reopen. You think that's true even if we are forced to credit his mother's affidavit? I do, Your Honor. Even if you credit that affidavit, that's a single instance that we know happened. There's nothing else to demonstrate the circumstances of what circumstances changed, what he was actually doing. Well, he got threatened. I mean, so we have this kind of dividing line. I'm sympathetic with the underlying implausibility of the situation, okay, but I'm a little hamstrung by these cases that suggest, unless the Board says this is inherently implausible and unbelievable, they're not supposed to weigh it. They're supposed to reopen and then make a decision. My question to you is, in light of the cases, what is your basis for suggesting that we could sort of ignore those cases and rule in your favor? I'm not suggesting that you ignore those cases. Okay. I think this might be where Petitioner's Counsel is getting a little off track, which is that those cases go to prima facie determination as to eligibility for relief, which is one ground on which the Board can deny a motion to reopen. The Board didn't get to prima facie eligibility here. But, yeah, no, you're right, and so we're being asked to extend those precedents to the change conditions threshold question, and why wouldn't? I don't understand. What's the argument I'd like to hear from you as to why we wouldn't extend those cases to this new context? Well, Your Honor, here we're not looking down at the merits of his claim and saying, yeah, it's probably okay to go forward. You can probably make out a case there, whether it's going to be granted or not, it's enough to go forward. He actually has to make a showing here of changed circumstances, and this Court lays it out best in To Fee, where the alien has to mount four hurdles in order to excuse him from the untimely filing, and that's what we're dealing with here. Are you excused from the untimeliness of your filing? Did you demonstrate the changed circumstances? Right. But the rationale that we adopted for the prima facie case, which is that basically, look, there's no hearing. We have no basis to figure out whether you seem truthful or not, unless we can say on the face of what you presented, it's just inherently unbelievable. That same rationale seems to apply equally well to this question, right? I don't think so, Your Honor, simply because we're not talking about the merits of his claim. We're simply talking about did you demonstrate enough? Did you present enough to show changed country conditions such that you should be excused? We're not talking about the merits of his asylum claim at all. And here, there's not enough. There's nothing to tell us what the context of his claim is. We have this threat. We also know that he was threatened in 2004. We have no idea what that threat was about. We have no idea if that situation has changed whatsoever because he didn't give us any context. We know that he claims that he was a journalist, but we have no indication of what those articles said, whether they were something that could have brought him to the attention of authorities. He didn't present us with any evidence whatsoever as to whether he did. Does he have to at this point? That's the question. Does he have to? I mean, he's made these allegations. We're supposed to presume they're true. Now, his mother has said that people came to the house and said, if he comes back, we're going to kill him. Absolutely, he has to, Your Honor. There has to be some evidence to let us know that country conditions have changed, and here there isn't. There's no description of Udmurt's. There's no analysis of what happens with journalists in Russia. There's no indication that he actually is a journalist. And given the circumstances of this case, particularly the fact that in an effort to procedurally reopen his proceedings before, he advanced inconsistent and uncorroborated or unsubstantiated claims in an attempt to mount that procedural hurdle, it was fully within the Board's discretion to expect some evidence here to help him prove his changed circumstances argument. And he simply didn't do that. You know, the veteran. If you have the mother's testimony, see, one thing is that we have all of his pastime. We sort of sweep that away, right? He's got a lack of credibility finding. He's got previous problems. But now it's like it's a new era. So he has the mom's affidavit. Does he need something more than that? Yes, Your Honor. The Board says yes. Where does the Board say yes? The Board, in its determination, says that his claims are unsubstantiated. That's in the Board's decision. But I'm asking, maybe I was probably pretty imprecise, under the case law. That's what I'm struggling with is this almost contradiction where we're supposed to accept everything as true, and yet you're suggesting, well, that's not enough. Where does the case on a motion to reopen? I think this case is a bit of an outlier, quite honestly. We see a lot of motions to reopen. This is a bit odd. We don't see cases like this very often where the alien has never presented a claim before, has previously presented inconsistent statements that were determined to be not credible, and then comes in with a whole new claim with no substantiation whatsoever. If we were to agree with you that, and I think there's no other way to describe what you're asking for other than make an exception because of the nature of this case. I think you're asking us to make an exception to what the other cases have said. If we were to do that, aren't we embarking on a situation what other cases, I mean how much lack of credibility do we need to show in future cases to give the board the right to say, well, this is unsubstantiated? Where do we draw a line? Are we getting into a line drawing problem here? Well, I think it's Congress and the courts have left that to the board to make that determination as to where that line gets drawn. And I don't think it's asking to make an exception to this court's string of cases. And I go back to the fact that this has nothing to do with prima facie eligibility. It really doesn't. And if you look at that string of cases. So is Tafugi a prima facie case? It is, yes, Your Honor. But the board cites Tafugi. They say. Tafugi. It says, well, given, here's their final kind of conclusion that we're trying to deal with. We decline to accept his generalized and unsupported assertions regarding the threats and harm to his family in Russia. In sum, he hasn't demonstrated the conditions and circumstances have changed. And then they cite Tafugi. Well, Tafugi really comes out with this court's approach to motions to reopen, untimely motions to reopen. And that's what they're getting at is this clearing four hurdles. The four hurdles that this court laid out in Tafugi was produce evidence that country conditions have changed. The evidence must be material. The evidence must not have been available and demonstrate that the new evidence would demonstrate prima facie case for relief. Now, any of those four hurdles, any of those, failure to produce any of those, is fatal to the motion to reopen. And that's what we're talking about here. The board goes to whether this is a material change country condition, and there's just not enough here for us to know that. So you really are looking at it probably in a little bit different lens, of course, than the petitioner. So you're saying that even if you accept the mother's affidavit as true, it doesn't give you a changed country conditions foundation. That's right, Your Honor. And, again, it's left to the board to decide this. It's within their discretion. What we're looking for here is whether the board looked at the case and thought about it rather than simply reacting. And clearly they did. They said, look, you've presented incredible evidence. What about the rationale the board used to decide the case, though? Right. I mean, if the board had said, you know what, we're going to credit the mother's affidavit and we're going to accept everything she said is true, but that's still not enough, then I'd be with you. But that isn't what they said here. Well, I don't think the mother's affidavit is enough by itself, simply because it's a little vague and it's from his mother and there's these other problems with his trying to procedurally mount the obstacle. We don't get to affirm on alternative grounds in these cases. So are you saying that the board articulated as the basis for its decision what you just said a second ago? We believe so, Your Honor. Yeah, we don't think that it's necessarily you're not credible, therefore you fail. It's not you're not credible, therefore you can't prove prima facie eligibility for relief. And perhaps I'm not explaining it completely the way that I should. We just don't get to prima facie eligibility. And that's where this Court has said it's unacceptable to have a credibility determination. That's where it's at. It almost seems like the Court did because they're talking about how he hasn't really provided any corroboration about his writings and he was vague and there was a lack of substantiation about the unidentified people. So it almost seems like they're making a prima facie determination. It looks like it, and it might be confusing, but that's not what they say. They say he didn't demonstrate changed country conditions, and that's the operative language in the board's decision. Okay, just show me. Where do I see that? That would be the last sentence in the board's decision, I think. Oh, I'm sorry, yes. And again, it's an outlier. It's confusing. It's difficult to deal with this situation because we don't see it very often. And I think the board really thought about this case, really said this is simply not enough for us to determine that there's been a change in country conditions such that this alien should be excused from his untimely filing and therefore get to go ahead and present his claim. So even though he's ‑‑ however you take the mother's affidavit and the lack of substantiation in the end, you don't have a change of country conditions. And he didn't submit a country conditions report with his motion. He did. It's a 2009 report. 2009 report. It says nothing about ethnic Udmurts. It says a little bit about ‑‑ Oh, I see. He references the 2005 but didn't submit that one. The 2005 report. So your point is that, well, it's confusing because it looks like prima facie language, but what they're really only deciding is there is insufficient evidence to show a changed country condition. That's correct. And excuse the fact that this is past the 90 days. And his previous submission of claims that were incredible goes to that because it's a procedural decision. Thank you. Thank you. Would you please put back another minute for rebuttal so you'll have some time for rebuttal? Thank you very much, Your Honor. I'll be very brief. I would point out that the language that opposing counsel points to where the board concludes that Mr. Boldenkoff has not demonstrated a changed condition or circumstances is immediately preceded by the board's statement that it expressly declines to accept Mr. Boldenkoff's evidence. This is not an instance where the board stated, even if true, this evidence does not meet the burden for various reasons. We would disagree with that. But this board expressly said it declines to accept the evidence put forward, and that is a credibility determination that is improper. This court is limited to the actual grounds relied upon by the board, and I would emphasize again this is not necessarily a slippery slope situation. This precedent requiring that facts be assumed as true has been in place for several decades, but the board still has wide amounts of discretion to deny motions to reopen for various reasons. But this court is required to evaluate the reasons actually used by the board. Here, the board made a credibility determination to make its decision, and that was improper. We believe that was an abuse of discretion to ask this court to grant the petition. Thank you. Case of Boldenkoff v. Holder is submitted. I understand that, Mr. Pearson, this case is in our court pro bono program, so the court thanks you for your pro bono services, and I know the Attorney General has told us in the past they appreciate having excellent credible briefing to respond to often easier than pro se briefing. So we thank both of you for your argument this morning. Case is submitted.
judges: Rothstein, McKEOWN, WATFORD